COMMONWEALTH *vs.* LAFAYETTE WILLIAMS.

One to whom money has been delivered in exchange for intoxicating liquor belonging to a third person cannot be allowed, in the trial of an indictment against him for selling the liquor in violation of law, to prove that several days afterwards he returned the money to the person from whom he received it, with a letter saying that the person for whom he acted did not sell liquor and wished the money to be given back.

Assuming without authority to act as agent for the owner does not exonerate one from criminal responsibility for selling intoxicating liquor; but merely acting as messenger, and transmitting the liquor from the seller to the buyer, and the money from the buyer to the seller, does not render one criminally responsible.

INDICTMENT for an illegal sale of intoxicating liquor to Jason Williams.

At the trial in the superior court, before *Ames*, J., the evidence tended to show that the defendant was at the house of his brother Almon, when Jason Williams drove up and called for some rum, and the defendant answered that Almon was not at home, and he would see his mother about it; and he went into the house, and soon came out with the liquor and delivered it to Jason in a jug, which the latter had brought for the purpose, and received from him a one dollar bill. Jason thereupon drove away without getting out of his wagon. The defendant then offered to prove that some days afterwards he returned the bill to Jason in a letter, saying that Almon did not sell liquor and wished the money to be given back; but the evidence was excluded. The defendant then requested the court to instruct the jury that, if he had no opportunity to return the money to Jason at the time of receiving it, and it was returned in a reasonable time thereafter, it would be the same as if it had been returned at once, with the intention of not receiving the same in payment for the liquor. The judge decided that the case did not require such instructions, and did not give them; but ruled that if the defendant made an actual sale of the liquor, whether on his own account, or assuming to act as agent in the matter for his brother, and whether the liquor belonged to him or not, and whether he had or had not authority from his brother so to do, he would be responsible; and that, if the sale was completed and finished, the subsequent return of the money would not relieve him of the responsibility. But, on the other hand, if the defendant merely informed some third person that Jason wished to buy, and was supplied by such third person with the liquor to deliver to Jason, and received of Jason the money to deliver to the seller, so as in effect to be but a messenger between the buyer and seller, the defendant would not be criminally responsible. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. A. Williams*, for the defendant.

*Foster*, A. G., for the Commonwealth.

MERRICK, J. The evidence offered by the defendant was rightly excluded. The writing and sending of the letter were

his acts, and the contents of it were only his statement or dec-
laration. And as they occurred some days after the transaction
which is charged in the indictment as an illegal sale of intox-
icating liquor, proof of them upon the trial was not competent
for any purpose; neither to explain nor to justify his conduct.
A party cannot thus at any period subsequently to the commis-
sion of an offence, or the doing of an act alleged to be criminal,
make evidence for himself to be used in his own defence. It
is only when his acts or declarations constitute a part of the *res
gestæ* that he can avail himself of them to show his innocence,
or what is the true character of the act which is made the sub-
ject or proof of an accusation against him. But to this end it
is essential that they should be concomitant with the principal
act and connected with it, either as an inducement to its being
done, or as a consequence necessarily or naturally resulting from
it. 1 Greenl. Ev. §§ 108, 110.

The question of fact involved in the issue to be tried was
submitted to the jury under instructions which contained an
accurate statement of the law applicable thereto; and the rea-
son assigned by the presiding judge is sufficient to justify his
refusal to adopt those he was requested to give.

*Exceptions overruled.*